UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILNORD GERMAIN, and other similarly
situated non-exempt employees,

    Plaintiff,

v.                                                  Case No:   2:18-cv-8-FtM-38MRM

COLLIER FOOD & BEVERAGE, INC. and
JOSEPH DINUNZIO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court are the parties' Joint Motion to Approve Settlement Agreement (Doc. 30) and Settlement Agreement (Doc. 30-1), both of which were filed on August 9, 2018. Plaintiff Wilnord Germain and Defendants Collier Food & Beverage, Inc. and Joseph Dinunzio jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case. After a careful review of the parties' submissions and the court file, the Undersigned cannot recommend approval of the proposed settlement, as it currently stands.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

**ANALYSIS**

Here, there are two (2) issues that preclude a finding of fairness and reasonableness: (1) the non-payment or non-allocation of liquidated damages; and (2) the language of the proposed waiver and release. Also problematic (albeit curable) is the parties' request that the Court retain jurisdiction to enforce the settlement agreement. (*See* Doc. 30 at 3). Moreover, the Undersigned finds that the severability clause in the Settlement Agreement (Doc. 30-1 at ¶ 10) does not serve to overcome these defects.

  **I.  Liquidated Damages**

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title *shall* be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated

2

damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in an FLSA case, the Court must review the amount of unpaid wages paid *and* the amount of liquidated damages paid, if any, for reasonableness and fairness.

Here, the parties failed to include any discussion as to liquidated damages in their Motion (Doc. 30) or in the Settlement Agreement (Doc. 30-1). For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages. Otherwise, the Court can only speculate as to the parties' intentions. If the payment amount to Plaintiff of $11,000 is solely for back wages (*see* Doc. 30-1 at ¶ 3), then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. Until the parties have addressed this issue in the Settlement Agreement, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

## II.   Waiver and Release

The *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Paragraph 4 of the Settlement Agreement here states in relevant part that "Plaintiff hereby releases . . . Defendants . . . of and from any and all claims under the FLSA *or any other wage-related statute* arising out of Plaintiff's alleged employment with Defendants." (Doc. 30-1 at ¶ 4 (emphasis added)). The only claims asserted in this case arise under the FLSA. (*See* Doc. 2 at ¶¶ 21-35). Thus, it is not clear what other wage-related statutory claims are referenced in or encompassed by Plaintiff's waiver and release, what the expected value of any such claims might be to the Plaintiff, or what part of the settlement amount, if any, is being attributed to those other unknown claims. As such, the task of determining adequate consideration for such forgone and unknown claims is impossible. The Court is, therefore, wholly unable to determine whether this aspect of the proposed settlement is fair and reasonable.

### III.     Retention of Jurisdiction

The parties request that the Court retain jurisdiction for a period of thirty (30) days to enforce the Settlement Agreement. (Doc. 30 at 3). The parties failed to provide any justification for the Court to retain jurisdiction for any period of time. Moreover, the Settlement Agreement itself does not appear to contemplate a retention of jurisdiction after the claims are dismissed with prejudice. (*See* Doc. 30-1 at ¶¶ 5, 12). The Undersigned is not inclined to recommend that the Court retain jurisdiction without an articulation of independent jurisdiction or other compelling circumstances. *See King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.).

### IV.     Severability

This Court has previously approved settlement agreements while striking certain unacceptable or unenforceable provisions of a settlement agreement. *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6,

2013); *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016). The Undersigned finds that this mechanism would be inappropriate in this case given (1) the language of the severability clause negotiated by the parties and (2) the nature of the defects noted above.

> Paragraph 10 of the Settlement Agreement states:
>
> **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. *If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.*

(Doc. 30-1 at ¶ 10). Relatedly, Paragraph 5 of the Settlement Agreement also provides "[i]f the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court." (*Id.* at ¶ 5). Thus, the parties expressly reserved their ability to negotiate new provisions to replace any that this Court might find invalid. (*Id.*). This result is preferable to the Court striking certain terms or provisions of the Settlement Agreement to attempt to bring the proposed settlement into compliance with *Lynn's Food Stores*.

Moreover, the nature of the primary defects noted above – *i.e.*, the non-payment or non-allocation of liquidated damages, and the inclusion of other unknown statutory claims within the scope of the release and waiver – cannot be cured merely by striking certain terms or provisions of the Settlement Agreement. Rather, those matters must be addressed directly and fulsomely by the parties for the Court to determine the fairness and reasonableness of the proposed settlement under *Lynn's Food Stores* and its progeny.

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case.

Moreover, the parties have not justified their request that the Court retain jurisdiction to enforce the settlement. Although the remaining terms of the settlement appear to the Undersigned to be fair and reasonable, the problems noted above preclude approval of the settlement as currently proposed.

    Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1)     The Joint Motion to Approve Settlement Agreement (Doc. 30) be **DENIED** without prejudice.

2)     The parties be ordered to elect one of the following options **no later than October 22, 2017**:[2]

    a.     File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

    b.     File an appropriate notice advising the Court that the parties wish to proceed with this case under the June 29, 2018 Case Management and Scheduling Order (Doc. 28).

Respectfully recommended in Chambers in Ft. Myers, Florida on September 10, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[2] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties