UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILNORD GERMAIN, and other similarly
situated non-exempt employees,

    Plaintiff,

v.                                        Case No:   2:18-cv-8-FtM-38MRM

COLLIER FOOD & BEVERAGE, INC. and
JOSEPH DINUNZIO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Renewed and Amended Joint Motion to Approve Amended Settlement Agreement, filed on October 1, 2018. (Doc. 33). Plaintiff Wilnord Germain and Defendants Collier Food & Beverage, Inc. and Joseph Dinunzio jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage claims asserted in this case. After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

In the Complaint, Plaintiff alleges that he was employed by Defendant from approximately March 1995 through August 2017 as a cook. (Doc. 1 at 2 ¶ 8). Plaintiff claims that Defendants failed to properly compensate him for overtime and/or minimum wages for the hours he worked in excess of forty (40) in one workweek. (*Id.* at 3 ¶ 10). Plaintiff claims that he worked approximately fifteen (15) hours of overtime each week, but did not receive overtime wages. (*Id.* at 3 ¶ 11). Thus, Plaintiff claims that he is entitled to overtime payment for the hours worked in excess of forty (40) in a workweek.

On August 9, 2018, the parties filed a Joint Motion to Approve Settlement Agreement (Doc. 30). On September 10, 2018, the Court entered a Report and Recommendation (Doc. 31) recommending that the Joint Motion to Approve Settlement agreement be denied without prejudice based upon the language of three (3) provisions: (1) the non-payment or non-allocation of liquidated damages; (2) the waiver and release provision; and (3) the request to retain jurisdiction. (Doc. 31 at 2-4). The Report and Recommendation was adopted by Order on September 25, 2018. (Doc. 32). The parties filed the present Renewed and Amended Joint Motion and have "endeavored to fully address the concerns expressed therein as reflected in the Amended Settlement Agreement." (Doc. 33 at 3).

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary

of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court turns to the provisions of the Amended Settlement Agreement (Doc. 33-1).

## ANALYSIS

The parties agree that there are disputed issues concerning whether Defendants owed Plaintiff any overtime wages, whether Plaintiff was exempt from overtime pay, whether Defendants were in full compliance with the FLSA, and whether there is any evidence of a willful violation of the FLSA even if there is evidence of unpaid overtime wages. (Doc. 33 at 2). Plaintiff asserts he was not properly compensated for overtime wages, "but, due to the uncertainty and expense of pursuing his claims, and the possible outcome of a defense verdict through trial and appeal, he believes it is in his best interests to compromise and settle his claims." (*Id.*).

In the Report and Recommendation (Doc. 31), the Undersigned found that the parties failed to include any discussion as to liquidated damages in their Motion or in the Settlement Agreement. (Doc. 31 at 3). The parties have resolved this issue by the parties agreeing to a compromised payment to Plaintiff of $5,500.00 in overtime wages and $5,500 in liquidated damages, for a total payment to Plaintiff of $11,000.00. (Doc. 33-1 at 1 ¶ 1). The Undersigned finds that based upon the representations of the parties, these amounts are a fair and reasonable resolution of the claims in this action. Further, the Undersigned finds that the parties have fully addressed the deficiency concerning liquidated damages raised in the September 10, 2018 Report and Recommendation.

In the Report and Recommendation, the Undersigned also found the language of the waiver and release problematic. (Doc. 31 at 3-4). The Undersigned found that based upon the language "'Plaintiff hereby releases . . . Defendants . . of and from any and all claims under the FLSA *or any other wage-related* statute arising out of Plaintiff's alleged employment with Defendants'" to be unclear as to what other wage-related statutory claims are referenced or encompassed by this language, the expected value of any such claims, or what amount of the settlement is attributable to these unknown claims. (Doc. 31 at 4 (emphasis in original)). In the Amended Settlement Agreement, the parties modified the language as follows:

> Plaintiff hereby releases . . .Defendants . . from [] any and all claims under the FLSA or any other employment-related state law claims for wages arising out of Plaintiff's alleged employment with Defendants, which would be deemed preempted by or duplicative of the provisions of the FLSA, including, but not limited to, claims pursuant to Florida Statutes §§ 448.01, 448.01 [sic] or 448.10.

(Doc. 33-1 at 2). The modified language limits Plaintiff's waiver and release to wage claims under the FLSA or any claim that would be preempted by or duplicative of the FLSA claims

raised in this case.  The Undersigned finds that the modified language resolves the deficiencies raised in the Report and Recommendation as to the waiver and release provision.

Finally, in the Report and Recommendation, the Undersigned found that the parties failed to provide any justification for the Court to retain jurisdiction in this case.  (Doc. 31 at 4).  The parties did not request that the Court retain jurisdiction in the Renewed and Amended Joint Motion to Approve Amended Settlement Agreement.  (*See generally* Doc. 33).  Thus, the Undersigned finds that the parties have fully addressed and resolved this deficiency.

## ATTORNEY'S FEES

Defendants agrees to pay Plaintiff's attorney's fees and costs in the amount of $5,000.00. (Doc. 33-1 at 2 ¶ 3a).  The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff.  (Doc. 33 at 2; Doc. 33-1 at 2 ¶ 3a).  As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In Bonetti, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiff. (Doc. 33 at 2; Doc. 33-1 at 2 ¶ 3a). Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

## CONCLUSION

The Undersigned finds that the Amended Settlement Agreement (Doc. 33-1) appears reasonable on its face. Accordingly, the Undersigned recommends that the Renewed and Amended Joint Motion to Approve Amended Settlement Agreement (Doc. 33) be granted and the Amended Settlement Agreement (Doc. 33-1) be approved

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1)   The Renewed and Amended Joint Motion to Approve Amended Settlement Agreement (Doc. 33) be **GRANTED**.

2)   The Amended Settlement Agreement (Doc. 33-1 be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3)   If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 2, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties